Audra M. Mori, Bar No. 162850
Katherine M. Dugdale, Bar No. 168014
Jennifer N. Chiarelli, Bar No. 212253
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404-4013
Telephone:  310.788.9900
Facsimile:  310.788.3399
AMori@perkinscoie.com
KDugdale@perkinscoie.com
JChiarelli@perkinscoie.com

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW EVANS, an individual,<br><br>Defendant. | Case No. 1:06-CV-01745 AWI-SMS<br><br>PLAINTIFF MICROSOFT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS APPLICATION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT MATTHEW EVANS<br><br>DATE:    October 12, 2007<br>TIME:    9:30 a.m.<br>CTRM.:  7<br><br>Before the Hon. Sandra M. Snyder |

## I.  INTRODUCTION AND PROCEDURAL BACKGROUND

Microsoft filed this action against defendant Matthew Evans ("Defendant") after it confirmed that Defendant was willfully distributing counterfeit Microsoft software, despite Microsoft's prior cease and desist letter.  Defendant failed to respond to Microsoft's Complaint and the Clerk of this Court entered default against him.  By this Application, Microsoft seeks a

1  default judgment order finding Evans liable on each of Microsoft's claims for copyright

2  infringement, trademark infringement, false designation of origin, and unfair competition.

3  Microsoft also seeks the award of statutory damages for the infringement of the eight trademarks

4  and nine copyrights alleged in the Complaint, as well as attorneys' fees and costs because of

5  Evans's infringement of Microsoft's trademarks and copyrights.  Finally, Microsoft requests the

6  entry of a permanent injunction to prevent Evans from infringing Microsoft's copyrights and

7  trademarks in the future.

8  **II.      STATEMENT OF FACTS**

9       **A.      Background of Microsoft's Business**

10       Microsoft filed this action against Defendant on December 4, 2006 to recover damages

11  arising from Defendant's distribution of counterfeit Microsoft software.  Microsoft develops,

12  markets, distributes and licenses computer software.  (Complaint, ¶ 6.)  One such program is

13  Windows XP Professional ("Windows XP Pro").  Microsoft holds a valid copyright for this

14  program (including user's reference manuals, user's guides, and screen displays).  (Id., ¶ 7.)

15  Windows XP Pro also bears a number of trademarks that Microsoft has registered with the United

16  States Patent and Trademark Office.  (Id., ¶ 8.)

17       **B.      Defendant's Unlawful Conduct**

18       Defendant is in the business of advertising, marketing, installing, and distributing

19  computer software, including purported Microsoft software, in Riverbank, California.

20  (Complaint ¶ 2.)  Defendant advertises, markets, installs, and distributes computer software,

21  including programs covered by Microsoft's registered copyrights and bearing Microsoft's

22  registered trademarks or imitations thereof.  (Id., ¶¶ 2, 9.)  In February 2006, Defendant

23  distributed counterfeit Windows XP Pro software components to a customer.  (Id., ¶ 10.)  On July

24  31, 2006, Microsoft notified Defendant by letter that he had distributed counterfeit Microsoft

25  software, and that such conduct constitutes an infringement of Microsoft's intellectual property

26  rights.  Microsoft further demanded that Defendant cease and desist the infringing conduct.  (A

27  copy of the letter is attached as Exhibit 1; Complaint, ¶ 11.)  Defendant chose to ignore the notice

28  and in October 2006, he distributed to an investigator counterfeit Windows XP Pro software

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF APPLICATION FOR DEFAULT                    -2-
JUDGMENT AND PERMANENT INJUNCTION

1  components. (Id., ¶ 12.) This willful infringement was not an isolated incident, but rather is part

2  of a continuous and ongoing business practice of Defendant in blatant violation of Microsoft's

3  copyrights and trademarks. (Id., ¶¶ 13-17.)

4        Microsoft personally served its Complaint on Defendant on December 4, 2006. (See

5  Docket No. 7.) On February 1, 2007, the Clerk of Court entered a default against Defendant.

6  (See Docket No. 10.) Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Microsoft

7  respectfully requests that this Court enter a default judgment against Defendant, award Microsoft

8  statutory damages in an amount of $330,000, award Microsoft attorneys' fees and costs of

9  $3,919.00, and issue a permanent injunction against Defendant to prevent future infringement.

10  **III.**    **ARGUMENT**

11      **A.**    **Defendant should be held liable for all claims alleged**

12        A default judgment should be entered against Defendant because Microsoft has satisfied

13  the conditions of Federal Rule of Civil Procedure 55 and because the factual allegations in its

14  Complaint, now deemed true, establish Microsoft's claims. A party's default is deemed an

15  admission of the plaintiff's well-pleaded allegations of fact. On February 1, 2007, the Clerk

16  entered default against Defendant based on his failure to file a pleading or otherwise defend.

17  Accordingly, Defendant has admitted Plaintiff's allegations. See, e.g., TeleVideo Sys., Inc. v.

18  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Where the factual allegations of the complaint

19  provide a sufficient legal basis for entry of a default judgment, the court then conducts an inquiry

20  to ascertain the amount of damages. Arista Records, Inc. v. Beker Enter., Inc., 298 F. Supp. 2d

21  1310, 1311-12 (S.D. Fla. 2003).

22        Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against

23  whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as

24  provided by these rules and that fact is made to appear by affidavit or otherwise," default

25  judgment may be entered. Fed. R. Civ. P. 55(a). Microsoft has also satisfied the conditions of

26  Rule 55(b), establishing Defendant has failed to plead and meets no exception to default, through

27  the submission of the Declaration of Katherine M. Dugdale (See Dugdale Decl. ¶¶ 2-4.)

28

1    The facts alleged in Microsoft's Complaint and described above, now deemed true,

2  establish its claims of copyright infringement, trademark infringement, violation of the Lanham

3  Act by false designation of the origin of the software, and unfair competition.  Specifically, after

4  Microsoft put Defendant on notice of his infringement, Defendant continued to distribute

5  counterfeit copies of Microsoft Windows XP Pro software.  Defendant willfully infringed

6  Microsoft's copyrights and trademarks pursuant to 17 U.S.C. § 501, et seq. and 15 U.S.C. § 1114.

7  See Microsoft Corp. v. Sellers, 411 F. Supp. 2d 913, 918-919 (E.D. Tenn. 2006) (distribution of

8  unauthorized and infringing copies of Microsoft software constituted violations of the Copyright

9  Act and Lahnam Act).  His distributions further constituted false designation of origin, false

10  description, and false representation that the counterfeit and infringing copies of software

11  distributed by Defendant was made by or are sponsored, approved, or authorized by Microsoft, in

12  violation of 15 U.S.C. § 1125(a).  See id. at 919 (distributing unauthorized and infringing copies

13  of Microsoft software established a violation for false designation of the origin of the software

14  pursuant to § 1125(a)); see also Microsoft Corp. v. Compusource Distrib., 115 F. Supp. 2d 800,

15  807 (E.D. Mich. 2000) (same).

16    In addition, Defendant's acts of distributing counterfeit Microsoft software constitute

17  unfair competition pursuant to the common law of California.  The analysis under the Lanham

18  Act for trademark infringement also applies to claims of unfair competition under California

19  common law.  The elements of an unfair competition claim under California law are essentially

20  the same as the elements of a claim under §43(a) of the Lanham Act.  See Sony Pictures

21  Entertainment, Inc. v. Fireworks Entertainment Group, Inc., 156 F. Supp. 2d 1148, 1161 (C.D.

22  Cal. 2001)

23    Thus, default having been established pursuant to this Court's Order, and the factual

24  allegations in the Complaint being deemed true, this Court should enter default judgment for

25  liability against Defendant on all claims.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF APPLICATION FOR DEFAULT                -4-
JUDGMENT AND PERMANENT INJUNCTION

1    **B.     This Court should award Microsoft statutory damages for Defendant's**

2    **copyright and trademark infringement**

3    Because a default has been entered against Defendant, Microsoft has been denied the

4    opportunity to do discovery to determine the full extent of Defendant's willful infringement and

5    the amount of actual damages it has suffered based on Defendant's profits.  In this case, rather

6    than trying to surmise actual damages, it is particularly appropriate for this Court to award

7    Microsoft the statutory damages available under the Copyright and Lanham Acts.

8    **1.     The Copyright and Lanham Acts provide for statutory damages**

9    The Copyright Act and Lanham Act both have provisions authorizing an award of

10   statutory damages in lieu of actual damages.  The statutory damage provision for trademark

11   infringement, § 1117(c), was added in 1995 for the very reason that "counterfeit records are

12   frequently nonexistent, inadequate, or deceptively kept...making proving actual damages in these

13   cases extremely difficult if not impossible." Tiffany Inc. v. Luban, 282 F.Supp.2d 123, 124

14   (S.D.N.Y. 2003) (citing S.Rep. No.177, 104th Cong.1995); see also Cable/Home Commc'n Corp.,

15   902 F.2d 829, 850 (11th Cir. 1990) ("Generally, statutory damages are awarded when no actual

16   damages are proven, or actual damages and profits are difficult or impossible to calculate").

17   Statutory damages are especially fitting in default judgment cases due to infringer nondisclosure.

18   See Sara Lee Corp. v. Bags of N.Y., Inc., 36 F.Supp.2d 161, 165 (S.D.N.Y. 1999); see also

19   Tiffany, 282 F.Supp.2d 123; Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494

20   (C.D. Cal. 2003); PetMed Express, Inc., 336 F. Supp. 2d at 1220.

21   Statutory damages for trademark infringement are available for up to $100,000 per

22   counterfeit trademark infringed, regardless of willfulness, and enhanced up to $1,000,000 per

23   mark if the infringement is willful.  15 U.S.C. § 1117(c).  The Copyright Act provides for

24   statutory damages of up to $30,000 per copyright violation, whether willful or not, and enhanced

25   damages up to $150,000 per copyright if the infringement is willful.  17 U.S.C. § 504(c).

26   The amount of statutory damages awarded to a plaintiff within the range provided does

27   not depend on actual damages.  Courts have repeatedly held that even where there are no actual

28   damages, or only nominal damages to the plaintiff, a plaintiff may nevertheless recover enhanced

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF APPLICATION FOR DEFAULT                    -5-
JUDGMENT AND PERMANENT INJUNCTION

1    statutory damages because of the difficulty in proving actual damages and the policy favoring

2    deterrence of infringement. Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332 (9th Cir. 1990)

3    (statutory damages appropriate regardless of proof of actual damages or defendant's profits);

4    Microsoft Corp. v. Tierra Computer, Inc., 184 F. Supp. 2d 1329, 1333 (N.D. Ga. 2001) (rejecting

5    defendant's argument that plaintiff must prove actual damages before it can recover statutory

6    damages). "Statutory damages have been made available to plaintiffs in infringement actions

7    precisely because of the difficulties inherent in proving actual damages and profits, as well as to

8    encourage vigorous enforcement of the copyright laws." Sara Lee Corp., 36 F. Supp. 2d at 165-

9    66.

10         A successful plaintiff is entitled to recover a separate award of statutory damages under

11   both the Copyright Act and the Lanham Act when a defendant has infringed both its trademarks

12   and copyrights, even when by a single act. See, e.g., Microsoft Corp. v. Tierra Computer, Inc.,

13   184 F. Supp. 2d at 1331 (awarding recovery of statutory damages under both Copyright Act and

14   Lanham Act for one act of unlawful software distribution that constituted two wrongs). The Acts

15   provide remedies for two distinct wrongs and serve separate purposes, making an award of

16   statutory damages under each Act appropriate in this case.

17         Because Defendant's conduct violated both the Copyright Act and Lanham Act, and

18   Defendant failed to defend Microsoft's allegations, making it impossible to determine actual

19   damages in this case, Microsoft exercises its right to elect statutory damages under both Acts.

20         **2.      Although Defendant infringed willfully, Microsoft seeks the maximum**

21                   **amount of statutory damages available for non-willful infringement**

22         As stated above, the amount of statutory damages recoverable under both the Copyright

23   Act and the Lanham Act is greater where the infringement is willful. A court may infer that a

24   defendant's infringement is willful from the defendant's failure to defend. See Tiffany, 282 F.

25   Supp. 2d at 124 ("By virtue of the default, the [defaulting party's] infringement is deemed

26   willful."); Arista Records, Inc., 298 F. Supp. 2d at 1313 (the court may infer willful infringement

27   because of default). Here, the Court need not rely on this inference, however, as the facts

28   admitted show that Defendant's acts of infringement were willful. Microsoft put Defendant on

1    notice of his unlawful activities.  Nevertheless, Defendant continued to distribute counterfeit

2    software, knowing such acts were unlawful.  Willfulness is established where the plaintiff has

3    given notice to the defendant before the act of infringement occurred.  Chi-Boy Music v. Charlie

4    Club, Inc., 930 F.2d 1224, 1227 (7th Cir. 1991) (letter informing defendant of possible

5    infringement "clearly provides notice" and established willfulness); see also Int'l Korwin Corp. v.

6    Kowalczyk, 855 F.2d 375 (7th Cir. 1988) (establishing willfulness by evidence of prior letters and

7    citing similar cases finding willfulness established through prior written and oral warnings).

8            In order to sanction Defendant for his willful infringement, and to deter him and others

9    from future infringing behavior, Microsoft is entitled to seek statutory damages of up to $150,000

10   for each copyright willfully infringed, and up to $1,000,000 for each trademark willfully

11   infringed.  However, Microsoft requests only the maximum amount of statutory damages

12   available for *non*-willful trademark infringement and copyright infringement by this motion.

13   Specifically, Microsoft seeks statutory damages of $100,000 for each of three trademarks at issue

14   and $30,000 for the copyright at issue, for a total of $330,000.[1]  Given Defendant's infringement

15   of Microsoft's intellectual property rights for financial gain despite the notice he received, and

16   failure to defend in this action, an award of statutory damages equal to the maximum amount

17   available for non-willful infringement is appropriate.

18           This award is in line with the awards for damages issued in factually similar cases across

19   the country.  See e.g., Arista Records, Inc., 298 F. Supp. 2d at 1314 (after default, awarding

20   statutory damages of $35,000 per 54 infringements alleged for total of $1,890,000); Tiffany, 282

21   F. Supp. 2d at 125 (awarding $550,000 in statutory damages after default); Microsoft Corp. v.

22   Sellers, 411 F. Supp. 2d at 921-22 (awarding maximum amount of statutory damages for non-

23   willful infringement in an amount of $460,000 on summary judgment).

24   _____

[1] In this action, the four trademark registrations at issue are:  1,200,236 for "MICROSOFT;"
25   1,256,083 for "MICROSOFT;" 1,872,264 for WINDOWS; 2,744,843 for COLORED FLAG
     DESIGN (Complaint, ¶ 8 and accompanying exhibits.)  For purposes of calculating statutory
26   damages, however, Microsoft seeks damages "per counterfeit mark."  See 15 U.S.C. § 1117(c).
     Of these four registrations, the mark "MICROSOFT" is registered under two different
27   classifications of goods and Microsoft seeks damages only once for these marks.  Thus, there are
     three marks for which Microsoft seeks damages.  The copyright at issue is TX 5-407-055 for
28   Windows XP Professional (Complaint, ¶ 7 and accompanying exhibit.)

**C.    This Court should permanently enjoin Defendant from future infringement of Microsoft's copyrights and trademarks**

In addition to statutory damages, Microsoft is also entitled to a permanent injunction to prevent any future infringement of its copyrights and trademarks.  The Copyright Act and Lanham Act both permit the issuance of permanent injunctions to prevent future violations. 17 U.S.C. § 502(a); 15 U.S.C. § 1116.  A plaintiff need not introduce evidence of a threat of future harm where the defendants have willfully infringed a plaintiff's trademarks.  See Polo Fashions, Inc. v. Dick Bruhm, Inc., 793 F.2d 1132, 1135-36 (9th Cir. 1986); Vuitton Et Fils, S.A. v. Crown Handbags, 492 F. Supp. 1071, 1077 (S.D.N.Y. 1979) ("mere possibility of infringement is sufficient to warrant a permanent injunction").

The Copyright Act permits a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  Where, as here, the intentional and unauthorized use of Microsoft's copyrights is for commercial gain, a likelihood of future harm may be presumed.  Natn'l Football League v. McBee & Burno's Inc., 792 F.2d 726, 729 (8th Cir. 1986) (citing Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 451 (1984)).  "Injunctions are regularly issued pursuant to the mandate of Section 502, because the public interest is in the interest in upholding copyright protections." Arista Records, Inc., 298 F. Supp. 2d at 1314 (internal quotations omitted).  "Courts also regularly issue injunctions as part of default judgments." Id.

In this case, Defendant's infringement continued after Microsoft put Defendant on notice, giving Microsoft reason to believe that Defendant will continue to violate its intellectual property rights in the future.  Moreover, the facts deemed admitted establish that Defendant continues to be involved in the infringement of Microsoft's copyrights and trademarks.  (Complaint, ¶¶ 13 and 15.)  Accordingly, Microsoft requests that the Court enter the permanent injunction submitted concurrently with the filing of this motion.

**D.    Microsoft is entitled to an award of its attorneys' fees and costs**

Both the Copyright Act and Lanham Act authorize this Court to award Microsoft its reasonable costs and attorneys' fees.  17 U.S.C. § 505; 15 U.S.C. § 1117(a).  In cases against

1   infringers of Microsoft software, courts have consistently awarded attorneys' fees and costs. See

2   Microsoft Corp. v. Compusource Distrib., 115 F. Supp. 2d at 812; Microsoft Corp. v. Sellers, 411

3   F. Supp. 2d at 922.  An award is similarly warranted under the circumstances of this case.

4        The Copyright Act authorizes an award of costs and attorneys' fees to the prevailing party

5   and such are awarded pursuant to the court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517

6   (1994) (prevailing party fees under are to be awarded pursuant to the court's discretion).   "Courts

7   regularly award attorney's fees and costs on default judgment." Arista Records, Inc., 298 F. Supp.

8   2d at 1316.  In this case, in light of the willfulness of Defendants' infringement and Defendants'

9   failure to defend, an award of attorneys' fees and costs is warranted.

10       The Lanham Act authorizes an award of attorney fees to the prevailing party in

11  "exceptional cases."  Defendants' infringement despite the warnings they received makes this an

12  "exceptional" case under the Lanham Act.  See Tiffany, 282 F. Supp. 2d at 125 (awarding

13  attorneys' fees upon default).

14       Microsoft submits the declaration of counsel in support of its request for reasonable

15  attorneys' fees incurred by Microsoft in prosecuting this action against Defendants in the amount

16  of $3,402.9, and costs in the amount of $516.10.  (See Dugdale Decl. ¶6.)

17  **IV.   CONCLUSION**

18       For the foregoing reasons, Plaintiff Microsoft respectfully requests the Court grant its

19  motion for entry of default judgment in its favor against Defendant and award statutory damages

20  pursuant to the Lanham Act and Copyright Act in the amount of $330,000; award attorneys' fees

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1   and costs in the amount of $3,919.00; and enter a permanent injunction against Defendant

2   restraining him from engaging in future infringement of Microsoft's copyrights and trademarks.

3

4   DATED:  August 20, 2007                    **PERKINS COIE** LLP

5                                              By: s/Katherine M. Dugdale
                                                   Katherine M. Dugdale
6
                                               Attorneys for Plaintiff
7                                              MICROSOFT CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

.

**EXHIBIT 1**

Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399

Tel 425 882 8080
Fax 425 936 7329
http://www.microsoft.com/

*Microsoft*

July 31, 2006

***VIA Federal Express and Electronic Delivery***

Matthew Evans aka edoom200
5900 Chancellor Way
Riverbank, CA 95367
Email: edoom200@charter.net and PcDoom@charter.net

Re:     Cease and Desist Illegal Distribution of Counterfeit Microsoft® Software

Dear Matthew Evans:

We are writing to inform you that you have distributed purported Microsoft Windows software, which ***Microsoft has analyzed and identified to be counterfeit.*** The distribution of counterfeit software violates federal copyright and trademark laws, in addition to some state and local laws. Intentional violators may also be subject to criminal penalties. Even an unintentional distribution of counterfeit Microsoft products in violation of federal copyright and trademarks laws could subject you and your company to civil liability. In fact, federal law authorizes damages up to $150,000 for each willful copyright infringement and up to $1,000,000 for willful trademark infringement.

**Microsoft demands that you immediately cease and desist all infringing activity and reserves the right to seek all viable legal remedies without further notice.**

If you want to be sure you are selling genuine Microsoft software, acquire your software and components from an authorized Microsoft distributor. You can find a list of authorized distributors at http://members.microsoft.com/partner/usa/licensing/distributors/. For information regarding retail distributors near you, please call 1-800-426-9400. If you have questions regarding how to identify counterfeit software, go to our "How to Tell" website at http://www.howtotell.com or call the Microsoft Anti-Piracy Hotline at 1-800-RULEGIT (1-800-785-3448). In addition, for more information regarding Microsoft's efforts to combat software piracy, please visit the Microsoft Piracy homepage at http://www.microsoft.com/piracy/.

We will be contacting you in the next few days to discuss this distribution and to answer any questions you may have regarding how to make sure you only distribute genuine Microsoft software. If you would like to contact us to discuss this letter, please call 1-888-760-5877.

Sincerely,

Kristi Barkhead /lb

Microsoft Compliance Support Program

Microsoft Corporation is an equal opportunity employer.

# Authorized Microsoft OEM Distributors in the U.S.*

*Subject to change without notice. Please see our website at www.microsoft.com/oem for additional information.



ASI Computer Technologies, Inc.
Telephone: (800) 2000-ASI
Telephone: (510) 226-8000



Avnet-Hallmark (Server Only)
Telephone: (800) 245-6275 Option 1
Telephone: (480) 794-2706



Avus LLC
Telephone: (888) 882-2887



Bell Microproducts, Inc.
Telephone: (408) 451 9400



D&H Distributing Co
Telephone: (800) 877-1200
Telephone: (717) 255-7880



Ingram Micro, Inc.
Telephone: (800) 456-8000



Ma Labs, Inc.
Telephone: (408) 941-0808

Max Group Corporation
Telephone: (800) 256-9040
Telephone: (626) 935-0050



SED International
Telephone: (800) 745-7700
Telephone: (770) 491-8962



SYNNEX Information Technologies, Inc.
Telephone: East Coast: (800) 444-7279
Telephone: West Coast: (888) 756-4888



Tech Data Product Management Inc.
Telephone: (800) 237-8931



TSR Silicon Resources, Inc.
Telephone: (212) 683-8989

Wintec Industries
Telephone: (510) 360-6300

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am and was at all times herein mentioned employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action or proceeding.  My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

     On August 20, 2007, I served a true copy of **PLAINTIFF MICROSOFT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS APPLICATION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT MATTHEW EVANS** on the interested parties in this action by placing said document enclosed in a sealed envelope (for collection and mailing, with postage thereon fully prepaid, on the same date, following ordinary business practices) in an internal collection basket, addressed as follows:

| | |
|---|---|
| Matthew Evans<br>5900 Chancellor Way<br>Riverbank, CA 95367 | Defendant |

[XX]  **(BY MAIL)** I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

[ ]  **(BY HAND DELIVERY)** I caused each envelope to be delivered by hand to the offices listed above.

[ ]  **(BY OVERNIGHT)** I caused each envelope, with postage fully prepaid, to be sent by DHL Express..

[ ]  **(BY E-MAIL)** I served a true copy of on the interested parties in this action by email, addressed as follows:

[ ]  **(BY FACSIMILE/TELECOPY)** I caused each document to be sent by Automatic Facsimile/Telecopier to the number(s) indicated above.

[ ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

41826-5186/LEGAL12988835.1

1   [XX]   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of
        this court at whose direction the service was made.

2       Executed on August 20, 2007, at Santa Monica, California.

3

4

5                                                   SANAYE KUMAGAI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

41826-5186/LEGAL12988835.1